# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHELLE ANDERSON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 6:17-cv-03244-BP |
| v. | ) ) | |
| FORD MOTOR COMPANY, | ) ) | |
| Defendant. | ) ) ) ) | |

## DEFENDANT FORD MOTOR COMPANY'S
## MOTION FOR ENTRY OF JUDGMENT

COMES NOW Defendant Ford Motor Company ("Ford"), and pursuant to **FED. R. CIV. P. 58(d)**, moves the Court to direct the Clerk of Court to enter final judgment in this matter. In support of this motion, Ford states:

1.     On February 14, 2020, this Court granted in part, and denied in part, Ford's Motion for Summary Judgment, granting summary judgment in favor of Ford on Counts 2, 3, and 4 of Plaintiff's Complaint. *See generally* Dkt. 185 (filed under seal at Dkt. 183). On the same date, the Court granted Ford's Motion to Strike Plaintiff's Class Allegations. *See generally* Dkt 184.

2.     Following entry of the Court's February 14, 2020 Orders, the only remaining claim at issue in this lawsuit was Plaintiff's breach of express warranty claim set forth in Count 1 of her Complaint. *See generally* Dkt. 1. On or about October 5, 2020, the parties entered into a settlement agreement regarding Plaintiff's breach of express warranty claim, which includes dismissal with prejudice of the claims in Count 1.

3.	**FED. R. CIV. P. 58(a)** provides that, with several exceptions that do not apply here, "[e]very judgment and amended judgment must be set out in a separate document . . . ."

4.	The Eighth Circuit addressed Rule 58 in *Sanders v. Clemco Industries*, 862 F.2d 161 (8th Cir. 1988), noting:

> [a]ll too often lawyers also ignore the requirements of Rule 58. The winning side needs to inquire whether a separate judgment has been duly entered to assure finality. The losing party also needs to confirm that entry as a basis to file timely postjudgment motions or to protect rights to a timely and proper appeal.

5.	Entry of final judgment as requested herein would assure finality as to Plaintiff's claims decided by summary adjudication.

6.	 For the foregoing reasons, and pursuant to **FED. R. CIV. P. 58**, Ford respectfully requests that the Court enter Judgment as to all claims, including a judgment in Ford's favor and against Plaintiff as to Counts 2, 3, and 4 of her Complaint, for the reasons set forth in the Court's February 14, 2020 Orders (Dkts. 183-185), and as to Count 1, judgment dismissing the claim therein with prejudice, as the parties reached a settlement agreement, which includes dismissal with prejudice of Count 1.

7.	Defendant has consulted with Plaintiff's counsel, who does not oppose the relief requested herein.

8.	A proposed Judgment is attached as Exhibit 1, a courtesy copy of which will be submitted to the Court's chambers.

2

Respectfully submitted,


*/s/ Sherry A. Rozell*
Sherry A. Rozell (Mo. Bar #34131)
MCAFEE & TAFT
4050 S. Fairview Avenue
Springfield, MO 65807
Phone: (417) 409-6000
sherry.rozell@mcafeetaft.com

Cari K. Dawson (*pro hac vice*)
Jamie S. George (*pro hac vice*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)
cari.dawson@alston.com
kyle.wallace@alston.com
jamie.george@alston.com

Bradley W. Petersen
SLATTERY PETERSEN PLLC
2828 N. Central Avenue
Suite 1111
Phoenix, Arizona 85004
(602) 507-6108 (telephone)
bpetersen@slatterypetersen.com

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2020, I emailed the following to:


Gregory F. Coleman
Adam A. Edwards
Lisa A. White
Mark E. Silvey
Greg Coleman Law PC
800 South Gay Street, Suite 1100
Knoxville, TN 37829

Mitchell M. Breit
Paul J. Hanly, Jr.
Simmons Hanly Conroy LLC
112 Madison Avenue
New York, NY 10016

Sarah S. Burns
Simmons Hanly Conroy LLC
One Court Street
Alton, IL 62002


*/s/ Sherry A. Rozell*